Carolyn H. Cottrell (SBN 166977)
David C. Leimbach (SBN 265409)
Scott L. Gordon (SBN 319872)
**SCHNEIDER WALLACE**
**COTTRELL KONECKY LLP**
2000 Powell Street, Suite 1400
Emeryville, California 94608
Telephone: (415) 421-7100
Facsimile: (415) 421-7105
ccottrell@schneiderwallace.com
dleimbach@schneiderwallace.com
sgordon@schneiderwallace.com

*Attorneys* for Plaintiff, and the
Putative Collective and Class
(Additional Counsel on Signature Page)

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

DJAVAN CLEVELAND, on behalf of
all others similarly situated,

              Plaintiff,

    v.

ALLSTATE INSURANCE
COMPANY and ALLSTATE
INSURANCE HOLDINGS, LLC,

           Defendants.

Case No. _2:23-08107_

**COLLECTIVE AND CLASS ACTION COMPLAINT**

(1) **Violation of the Fair Labor Standards Act**
(2) **Failure to Compensate for All Hours Worked (Cal. Lab. Code § 204);**
(3) **Failure to Pay Minimum Wage (Cal. Lab. Code §§ 1182.11, 1182.12, 1194, 1197, and 1197.1);**
(4) **Failure to Pay Overtime Wages (Cal. Lab. Code § 510);**
(5) **Failure to Authorize, Permit and/or Make Available Meal and Rest Periods (Cal. Lab. Code §§ 226.7 and 512);**
(6) **Waiting Time Penalties (Cal. Lab. Code §§ 201-203**
(7) **Failure to Provide Timely and Accurate Itemized Wage Statements (Cal. Lab. Code § 226);**
(8) **Violation of California Business and Professions (Cal. Bus. & Prof. Code §§ 17200, *et seq.*).**

**DEMAND FOR JURY TRIAL**

1    Plaintiff Djavan Cleveland ("Plaintiff"), on behalf of herself and all others
2  similarly situated, by and through his attorneys, brings this lawsuit against Defendant
3  Allstate Insurance Company ("Allstate") and Allstate Insurance Holdings, LLC
4  ("Allstate Holdings") (collectively "Defendants") seeking to recover for Defendants'
5  violations of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 *et seq.*
6  ("FLSA"); applicable California Labor Code provisions; applicable Industrial Welfare
7  Commission ("IWC") Wage Orders; the Unfair Business Practices Act; and California
8  Business and Professions Code §§ 17200, *et seq.* ("UCL"). Plaintiff complains and
9  alleges as follows:

10    **INTRODUCTION**

11    1.    This is a collective and class action complaint against Defendants to
12  challenge its policies and practices of: (1) failing to pay non-exempt, hourly
13  employees who work as Adjusters for all hours worked; (2) failing to pay required
14  minimum wage; (3) failing to pay required overtime wages; (4) failing to authorize,
15  permit, and/or make meal and rest periods available, and failing to pay premium pay
16  for these missed breaks; (5) failing to provide accurate, itemized wage statements;
17  and (6) failing to pay all wages after termination of employment.

18    2.    Plaintiff Djavan Cleveland is a former non-exempt, hourly employee
19  who worked as a Virtual Triage Adjuster for Defendants in Los Angeles, California.
20  In this role, Plaintiff investigated auto insurance claims to ascertain the extent of any
21  liability on behalf of Defendants, who furnish car insurance. Plaintiff seeks to
22  represent other current and former non-exempt, hourly employees of Defendants who
23  work or worked as Adjusters in California. Plaintiff alleges that Defendants have
24  engaged in unlawful patterns and practices of failing to meet the requirements of the
25  FLSA, the California Labor Code, and the California Business and Professions Code.

26    3.    Plaintiff and putative Collective and Class Members perform off-the-
27  clock work for which they are not adequately compensated. Plaintiff and putative
28  Collective and Class Members must complete a certain number of claims or

inspections in their scheduled hours, and pressure from Defendants to meet these number of claims within the allotted hours during their shift which often causes the Adjusters to start working while off-the-clock before they are scheduled to begin the workday and after they are scheduled to end their shift.  Failure to meet Defendants' claim requirements within scheduled hours results in negative implications for the performance metrics of Plaintiff and putative Collective and Class Members, including disciplinary action.

4.    Because of these issues, Defendants do not pay Plaintiff and putative Collective and Class Members for all hours worked, including minimum wage and overtime. Ultimately, the time that Defendants require Plaintiff and putative Collective and Class Members to work without compensation deprives them of substantial amounts of pay to which they are entitled under federal law and the laws of California.

5.    To the extent that Plaintiff and putative Collective and Class Members regularly work in excess of eight hours per day and forty hours per week, this off-the-clock work should be compensated at overtime rates. However, Defendants fail to pay Plaintiff and the putative Collective and Class Members for any of this work performed, including the required overtime premiums, in violation of the FLSA and the California Labor Code.

6.    Plaintiff and other putative Collective and Class Members regularly work in excess of eight hours per day and are routinely denied timely and compliant meal and rest periods, and the requisite pay for working through such breaks.

7.    As a result of Defendants' pressure on Adjusters to meet the requisite number of claims within the scheduled hours of paid time, Defendants routinely refuse to authorize, permit, and/or make available full, timely, uninterrupted thirty-minute meal periods as required by law. Instead, Plaintiff and putative Collective and Class Members regularly work past the fifth hour of work without the opportunity to take a meal break. Even when they do receive some form of timely meal break, it is

often interrupted as Plaintiff and putative Collective and Class Members are encouraged and often required to perform work during their break.

8.    Defendants likewise routinely refuse to authorize or permit Plaintiff and putative Collective and Class Members to take ten-minute rest periods as required by California law.

9.    As a result of the above violations, Defendants fail to provide Plaintiff and putative Collective and Class Members with accurate, itemized wage statements.

10.    Defendants are also liable for violation of the Unfair Business Practices Act for the violations described above.

11.    Plaintiff seeks full compensation on behalf of herself and putative Collective and Class Members for all unpaid wages, unpaid overtime, noncompliant meal and rest periods, waiting time penalties, and premium pay.  Plaintiff also seeks declaratory and injunctive relief, including restitution.   Finally, Plaintiff seeks reasonable attorneys' fees and costs under the FLSA, California Labor Code, and California Code of Civil Procedure § 1021.5.

## **PARTIES**

12.    Plaintiff Djavan Cleveland worked for Allstate as an Adjuster in Los Angeles, California. Plaintiff was employed by Allstate from May 29, 2022, until August 4, 2023.

13.    Plaintiff's duties as an Adjuster include inspecting vehicles for collision and comprehensive damages; providing over the phone customer service; submitting claims on behalf of individuals for vehicle repairs; submitting online forms in real time; and issuing checks on behalf of Allstate for insurance payouts.

14.    Plaintiff resides in the State of California and is over eighteen years of age. Plaintiff has been a resident of the State of California all relevant times described herein.

15.    Defendant Allstate Insurance Company is a Delaware corporation. On information and belief, Allstate is a wholly owned subsidiary of Allstate Insurance

Holdings, LLC, and its headquarters are located at 3100 Sanders Road, Northbrook, IL, 60062. Defendants do business throughout the United States and maintains 862 corporate owned locations which include offices in Los Angeles, California, in addition to its headquarters in Northbrook, Illinois.

16. Plaintiff is informed, believes, and based thereon alleges that Defendants jointly employ and/or employed putative Collective and Class Members, among other hourly employees, in this county and throughout the state of California.

17. Defendants employ and/or employed Plaintiff and putative Collective and Class Members because Defendants, directly or indirectly, control the employment terms, pay practices, timekeeping practices, and daily work of Plaintiff and putative Collective and Class Members.

18. Plaintiff is informed, believes, and based thereon alleges that Defendants jointly exercise control over Plaintiff and putative Collective and Class Members with respect to their employment.

19. Plaintiff is informed, believes, and based thereon alleges that each and every one of the acts and omissions alleged herein were performed by, and/or attributable to, Defendants, each acting as agents and/or employees, and/or under the direction and control of each of the other, and that said acts and failures to act were within the course and scope of said agency, employment and/or direction and control.

20. At all relevant times, Defendants have done business under the laws of California, has places of business in the State of California, including in this judicial district, and has employed Putative Class Members in this judicial district. Defendants are a "person" as defined in California Labor Code § 18 and California Business and Professions Code § 17201. Defendants are also an "employer" as that term is used in the California Labor Code, the FLSA, and the IWC Wage Orders.

## **JURISDICTION AND VENUE**

21. The FLSA authorizes private rights of action to recover damages for violation of the FLSA's wage and hour provisions. 29 U.S.C. § 216(b). This Court

has original federal question jurisdiction under 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the California Labor Code claims under 28 U.S.C. § 1367(a) because they are so related to this action that they form part of the same case or controversy.

22.    Venue in this district is proper pursuant to 28 U.S.C. § 1391(b). At all material times Defendant has been actively conducting business in the State of California and within the geographic area encompassing the Central District of California judicial district.

## FACTUAL ALLEGATIONS

23.    Defendants are in the business of providing vehicle insurance, property insurance, and business insurance. Defendants operate in all fifty states, including California.

24.    Plaintiff and putative Collective and Class Members are current or former Adjusters in California. The duties of Adjusters, including Plaintiff, include but are not limited to processing insurance claims, calling customers, inspecting vehicles for collision and comprehensive damages, maintaining and managing accurate funds for the issuance of claim payments, submitting reports online in real time, and driving to the salvage yard location to assess vehicle damage.

25.    As Adjusters, Plaintiff and putative Collective and Class Members are expected to meet Allstate's requirement of processing or working on a certain number of claims or inspections and taking a certain number of customer calls within a given period. Plaintiff is informed, believes, and thereon alleges that the policies and practices of Defendants have at all relevant times been similar for Plaintiff and the putative Collective and Class Members, regardless of location in California.

26.    While working for Defendants, Plaintiff and putative Collective and Class Members are scheduled to work approximately eight hours per day, five days a week, for a total of approximately 40 hours per week. Plaintiff and putative Collective and Class Members work these scheduled hours. However, Plaintiff and

putative Collective and Class Members are regularly required by management to work additional hours beyond this scheduled time while off-the-clock and without receiving compensation. Plaintiff and putative Collective and Class Members typically work eight to ten hours per day to fulfill the required workload and do not receive pay for all time worked in violation of the FLSA. For numerous workweeks during their employment by Defendants, Plaintiff and putative Collective and Class Members worked off-the-clock and without compensation during overtime hours (more than 8 hours a day in California and more than 40 hours per week in all other states).

27.     Defendants disincentivize Plaintiff and putative Collective and Class Members from reporting this off-the-clock or unrecorded time because reporting such time would negatively impact Plaintiff and putative Collective and Class Members' productivity metrics and evaluations. If an employee does not meet the required number of daily claims, inspections and/or customer calls, the consequence is being written up or placed on probation or reduced performance metric scores causing negative ramifications for pay increases and promotion opportunities.

28.     In some instances, Plaintiff and putative Collective and Class Members begin the workday prior to the start of their paid scheduled shifts to perform work activities which include, among other tasks, handling claims and answering calls from customers. This time worked is unpaid. Moreover, under Defendants' company-wide practice, Defendants require Plaintiff and putative Collective and Class Members to log into Defendant's online system to submit claims and other documentation in real time. Therefore, Defendants know or should know that work is being performed on its online system without compensation.

29.     Plaintiff and putative Collective and Class Members continue working after their shift ends to complete tasks including, but not limited to, submitting paperwork and claims, and taking escalated customer calls. These tasks are completed while being logged into Defendants' online system and are tracked in real

1   time. Plaintiff and putative Collective and Class Members are not compensated for
2   this time that Defendants require and/or permit them to work.

3        30.    Defendants also require Plaintiff and putative Collective and Class
4   Members to work off-the-clock to attend meetings, outside of their scheduled shifts
5   and without pay.

6        31.    In addition to claims and/or inspections requirements, Defendants utilize
7   a performance rating system that tracks volume, efficiency, and customer satisfaction
8   in answering customer calls. As a result, Plaintiff and putative Collective and Class
9   Members take customer calls before, during, and after scheduled shifts and must
10  bring their cell phones to their unpaid meal breaks as a means of keeping their
11  performance metrics high.

12       32.    All of this time that Defendants require Plaintiff and putative Collective
13  and Class Members to work without compensation deprives them of substantial
14  amounts of pay to which they are entitled under federal and California law, including
15  overtime premium pay for hours worked in excess of 40 hours per workweek.

16       33.    Moreover, Defendants routinely deny timely and compliant off-duty
17  meal and rest periods for two primary reasons: (1) Defendants do not authorize,
18  permit, and/or make available timely meal and rest breaks for Plaintiff and putative
19  Collective and Class Members; and (2) Defendants know or have reason to know that
20  Plaintiff and putative Collective and Class Members are too busy with work during
21  the day to have time to take bona fide meal and rest breaks.

22       34.    For example, Plaintiff and putative Collective and Class Members are
23  allocated a 30-minute meal break to be taken at no specific time during a shift. But,
24  due to Defendants' required workload, Plaintiff and putative Collective and Class
25  Members are often unable to take such breaks at all. Even when they do receive some
26  form of meal break, Plaintiff and putative Collective and Class Members are often
27  interrupted to perform work or answer customer calls, even though they are off-the-
28  clock in Defendants' timekeeping records. In fact, as a result of Defendants'

COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Cleveland v. Allstate Insurance Company*

compensation and performance metrics, as well as its expectations concerning responsiveness to customers, Adjusters are always "on duty" during meal and rest breaks. As a result, Plaintiff and putative Collective and Class Members regularly work through unpaid time that is allocated for a meal break. Defendants know or should know about such uncompensated work performed during unpaid meal break.

35.    In addition, on information and belief, Defendants and their managers routinely manipulate the timecards of these employees to make it appear that they took a timely and compliant meal break in order to avoid paying additional wages and penalties.

36.    Plaintiff and putative Collective and Class Members are routinely denied full, timely, and uninterrupted rest periods as well. While Defendants deny compliant meal periods to these workers on most workdays, it virtually never provides compliant rest periods.

37.    When Plaintiff and putative Collective and Class Members experience untimely or interrupted meal and rest breaks, or do not receive these breaks at all, Defendants fail to pay them the required premium pay.

38.    Defendants do not provide Plaintiff and putative Collective and Class Members with accurate wage statements as required by California law. These workers receive wage statements that do not reflect all hours worked, premium pay for missed meal and rest breaks, and applicable overtime premiums.

39.    Defendants do not provide Plaintiff and putative Collective and Class Members with full payment of all wages owed at the end of employment. These workers are owed wages and premium pay for all time worked, overtime, and missed meal and rest breaks when their employment ends. These amounts remain unpaid after voluntary and involuntary termination. As a consequence, Defendants are subject to waiting time penalties under the California Labor Code.

/ / /

/ / /

40.     Plaintiff is informed, believes, and thereon alleges that Defendants' unlawful conduct has been widespread, repeated, and consistent as to the putative Collective and Class members and throughout Defendants' operations in California.

41.     Defendants' conduct was knowing, willful, carried out in bad faith, and caused significant damages to Plaintiff and putative Collective and Class members in an amount to be determined at trial.  Defendants did not take requisite steps to ensure that Plaintiff and putative Collective and Class members were paid for all time worked.  Upon information and belief, Defendants did not conduct any study or audit of its compensation practices to ensure that Plaintiff and putative Collective and Class members did not perform work without compensation during any breaks.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

42.     Plaintiff brings the First Count (the FLSA claim) as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and a proposed collection of similarly situated employees defined as:

> All current and former non-exempt, hourly employees of Defendant working as Adjusters throughout California during the time period from three years prior to the filing of the complaint until resolution of this action. (the "Collective").

43.     Plaintiff, individually and on behalf of other similarly situated persons defined above, seeks relief on a collective basis challenging Defendants' policies and practices of failing to accurately record all hours worked and failing to properly pay for all hours worked, including overtime compensation and required minimum wages. The number and identity of other similarly situated persons yet to opt-in and consent to be party-Plaintiff may be determined from Defendants' records, and potential opt-ins may be easily and quickly notified of the pendency of this action.

/ / /

/ / /

44.     Plaintiffs' claims for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to § 216(b) of the FLSA because Plaintiff's FLSA claims are similar to the claims of the members of the Collective.

45.     The members of the Collective are similarly situated, as they have substantially similar job duties and requirements and are subject to a common policy, practice, or plan that requires them to perform work "off-the-clock" and without compensation in violation of the FLSA.

46.     Plaintiff is representative of the members of the Collective and is acting on behalf of their interests as well as her own interests in bringing this action.

47.     Plaintiff will fairly and adequately represent and protect the interests of the members of the Collective.  Plaintiff has retained counsel competent and experienced in employment and wage and hour class action and collective action litigation.

48.     The similarly situated members of the Collective are known to Defendants, are readily identifiable, and may be located through Defendants' records. These similarly situated employees may readily be notified of this action and allowed to "opt-in" to this case pursuant to 29 U.S.C. § 216(b) for the purpose of collectively adjudicating their claims for unpaid wages, unpaid overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

49.     Plaintiff contemplates providing a notice or notices to the Collective, as approved by the Court, to be delivered via United States Mail. The notice or notices shall, among other things, advise each of the recipients that they shall be entitled to "opt in" to the FLSA Action if they so request by the date specified within the notice, and that any judgment on the FLSA Action, whether favorable or not, entered in this case will bind all FLSA collective members who timely request inclusion in the class.

/ / /

/ / /

## **CLASS ACTION ALLEGATIONS UNDER FED. R. CIV. P. 23**

50.        Plaintiff brings the Second through Eighth Counts (the California Class Claims) as an "opt-out" class action pursuant to Federal Rule of Civil Procedure 23. The California Class is initially defined as:

> All current and former non-exempt hourly employees of Defendant working as Adjusters throughout the State of California during the time period from four years prior to the filing of the complaint until resolution of this action. (the "California Class").

51.    **Numerosity**: Defendants have employed potentially thousands of non-exempt, hourly Adjusters during the applicable statutory period. The number of California Class members are therefore far too numerous to be individually joined in this lawsuit.

52.    **Existence and Predominance of Common Questions**:   There are questions of law and fact common to Plaintiff and the California Class members that predominate over any questions affecting only individual members of the Class. These common questions of law and fact include, without limitation:

a.   Whether Defendants fail to authorize and permit, make available, and/or provide California Class members meal periods to which they are entitled in violation of the Labor Code and Wage Orders;

b.   Whether Defendants fail to authorize and permit, make available, and/or provide California Class members meal periods to which they are entitled in violation of Business and Professions Code §§ 17200 *et seq*.;

c.   Whether Defendants fail to authorize and permit, make available, and/or provide California Class members rest periods to which they are entitled in violation of the Labor Code and Wage Orders;

d.   Whether Defendants fail to authorize and permit, make available, and/or provide California Class Members rest periods to which they

are entitled in violation of Business and Professions Code §§ 17200 *et seq.*;

e. Whether Defendants fail to compensate California Class members for all hours worked, including minimum wages and overtime compensation, in violation of the Labor Code and Wage Orders;

f. Whether Defendants fail to compensate California Class members for all hours worked in violation of Business and Professions Code §§ 17200 *et seq.*;

g. Whether Defendants have a policy and/or practice of requiring California Class members to perform work off-the-clock and without compensation;

h. Whether Defendants fail to provide California Class members with timely, accurate itemized wage statements in violation of the Labor Code and Wage Orders;

i. Whether Defendants fail to pay California Class members all wages due upon the end of their employment in violation of the Labor Code and Wage Orders;

j. Whether Defendants' failure to pay California Class members all wages due upon the end of their employment has been an unlawful, unfair, or fraudulent business act or practice in violation of Business and Professions Code §§ 17200 *et seq.*;

k. The proper formula for calculating restitution, damages, and penalties owed to Plaintiff and the California Class members as alleged herein.

53.  **Typicality**:  Plaintiff's claims are typical of the claims of the California Class.  Defendant's common policies, practices, and course of conduct in violation of law as alleged herein have caused Plaintiff and the California Class members to sustain the same or similar injuries and damages. Plaintiff's claims are thereby representative of and co-extensive with the claims of the California Class.

54.    **Adequacy**:  Plaintiff will fairly and adequately represent and protect the interests of the California Class because Plaintiff's interests do not conflict with the interests of the members of the Class he seeks to represent. Plaintiff has retained Counsel competent and experienced in complex employment and wage and hour class action litigation and intends to prosecute this action vigorously.  Plaintiff and his Counsel will fairly and adequately protect the interests of the Class.

55.    **Superiority**:  A class action is superior to other available means for the fair and efficient adjudication of this controversy.  Individual joinder of all California Class members is not practicable, and questions of law and fact common to Plaintiff and putative Class Members predominate over any questions affecting only individual members of the Class.  The injury suffered by each California Class member, while meaningful on an individual basis, is not of such magnitude as to make the prosecution of individual actions against Defendants economically feasible. Individualized litigation increases the delay and expense to all Parties and the Court. By contrast, class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

56.    In the alternative, the Class may be certified because the prosecution of separate actions by the individual members of the Class would create a risk of inconsistent or varying adjudication with respect to individual members of the Class, and, in turn, would establish incompatible standards of conduct for Defendant.

57.    Class treatment will allow those similarly situated persons to litigate their claims in the manner most efficient and economical for the Parties and the judicial system.

58.    Plaintiff knows of no difficulty that would be encountered in the management of this litigation that would preclude its maintenance as a class action.

59.    Plaintiff intends to send notice to all California Class members to the extent required under applicable class action procedures. Plaintiff contemplates

1  providing a notice or notices to the California Class, as approved by the Court, to be
2  delivered through the United State Mail. The notice or notices shall, among other
3  things, advise the California Class that they shall be entitled to "opt out" of the class
4  certified for the California Action if they so request by a date specified within the
5  notice, and that any judgment on the California Action, whether favorable or not,
6  entered in this case will bind all California Class members except those who
7  affirmatively exclude themselves by timely opting out.

**FIRST CAUSE OF ACTION**
**Violation of the Fair Labor Standards Act**
**(By Plaintiff and the Collective)**

60.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

61.    The FLSA requires that covered employees receive compensation for all hours worked and overtime compensation at not less than one and one-half times the regular rate of pay for all hours worked in excess of forty hours in a work week.  29 U.S.C. § 207(a)(1).

62.    At all times material herein, Plaintiff and the Collective are covered employees entitled to the rights, protections, and benefits provided under the FLSA.

63.    Defendants are a covered employer required to comply with the FLSA's mandates.

64.    Defendants have violated the FLSA with respect to Plaintiff and the Collective, by, inter alia, failing to compensate Plaintiff and the Collective for all hours worked and, with respect to such hours, failing to pay the legally mandated overtime premium for such work and/or minimum wage.  See 29 U.S.C. § 206; 29 U.S.C. § 207 (a), (g); 29 C.F.R. § 531.35. Defendants have also violated the FLSA by failing to keep required, accurate records of all hours worked by Plaintiff and the Collective.  29 U.S.C. § 211(c).

65.    Plaintiff and the Collective are victims of a uniform and company-wide compensation policy of not paying for hours worked prior to the start of a shift and

after the shift ends. This uniform policy, in violation of the FLSA, has been applied to current and former non-exempt, hourly Adjusters of Defendants, working in offices throughout California.

66.     Plaintiff and the Collective are entitled to damages equal to the mandated pay, including straight time, and overtime premium pay within the three years preceding the filing of the original complaint, plus periods of equitable tolling, because Defendants have acted willfully and knew or showed reckless disregard for whether the alleged conduct was prohibited by the FLSA.

67.     Defendants have acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the Collective are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay and/or prejudgment interest at the applicable rate.  29 U.S.C. § 216(b).

68.     As a result of the aforesaid violations of the FLSA's provisions, pay, including straight time and overtime compensation, has been unlawfully withheld by Defendants from Plaintiff and the Collective. Accordingly, Defendants are liable for unpaid wages, together with an amount equal as liquidated damages, attorneys' fees, and costs of this action.

69.     Wherefore, Plaintiff and the Collective request relief as hereinafter provided.

**SECOND CAUSE OF ACTION**
**Failure to Compensate for All Hours Worked**
**(By Plaintiff and the California Class)**

70.     Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

71.     Plaintiff alleges that Defendants willfully engaged and continue to engage in a policy and practice of not compensating Plaintiff and California Class members for all hours worked or spent in Defendants' control. Detailed above, Defendants required, suffered, and/or permitted Plaintiff and the California Class to

1   perform work for the benefit of Defendants without compensation, with Defendants'

2   knowledge.

3        72.    California Labor Code § 200 defines wages as "all amounts for labor

4   performed by employees of every description, whether the amount is fixed or

5   ascertained by the standard of time, task, piece, commission basis or other method of

6   calculation."

7        73.    California Labor Code § 204(a) provides that "[a]ll wages … earned by

8   any person in any employment are due and payable twice during each calendar

9   month…."

10        74.    California Labor Code § 1194(a) provides as follows:

11          Notwithstanding any agreement to work for a lesser wage,
     any employee receiving less than the legal minimum wage
12          or the legal overtime compensation applicable to the
     employee is entitled to recover in a civil action the unpaid
13          balance of the full amount of this minimum wage or
     overtime compensation, including interest thereon,
14          reasonable attorneys' fees, and costs of suit.

15

16        75.    IWC Wage Orders 7-2001(2)(G) and 4-2001(2)(K) define hours worked

17   as "the time during which an employee is subject to the control of an employer, and

18   includes all the time the employee is suffered or permitted to work, whether or not

19   required to do so…."

20        76.    In violation of California law, Defendants knowingly and willfully refuse

21   to perform its obligation to provide Plaintiff and putative Class Members with

22   compensation for all time worked. Therefore, Defendants committed, and continues

23   to commit, the acts alleged herein knowingly and willfully, and in conscious

24   disregard of Plaintiff and California Class members' rights. Plaintiff and California

25   Class Members are thus entitled to recover nominal, actual, and compensatory

26   damages, plus interest, attorneys' fees, expenses and costs of suit.

27        77.    As a proximate result of the aforementioned violations, Plaintiff and the

28   putative Class have been damaged in an amount according to proof at time of trial.

78.     Wherefore, Plaintiff and the California Class request relief as hereinafter provided.

### THIRD CAUSE OF ACTION
**Failure to Pay Minimum Wage**
**(By Plaintiff and the California Class)**

79.     Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

80.     Defendants have maintained policies and procedures that force Plaintiff and California Class members to work off the clock, without compensation – let alone the minimum wage. Due to Defendants' systematic denial of payment for all hours worked, Plaintiff and California Class members are routinely compensated at a rate that is less than the statutory minimum wage.

81.     During the applicable statutory period, Labor Code §§ 1182.11, 1182.12, and 1197, and the Minimum Wage Order were in full force and effect and required that employees receive the minimum wage for all hours worked at the rate of twelve dollars ($12.00) per hour commencing January 1, 2019, thirteen dollars ($13.00) per hour commencing January 1, 2020, fourteen dollars ($14.00) per hour commencing January 1, 2021, fifteen dollars ($15.00) per hour commencing January 1, 2022, and fifteen dollars and fifty cents ($15.50) starting on January 1, 2023 to present.

82.     IWC Wage Orders 4-2001(2)(K) and 7-2001(2)(G) define hours worked as "the time during which an employee is subject to the control of an employer, and includes all the time the employee is suffered or permitted to work, whether or not required to do so."

83.     Labor Code § 1194(a) provides as follows:

> Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorneys' fees, and costs of suit.

84.    Labor Code § 1194.2 provides that, in any action under § 1194 to recover wages because of the payment of a wage less than minimum wage fixed by an order of the Commission, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

85.    Plaintiff and the California Class members are not paid the statutory minimum wage for any work performed prior to the start of the shift/before logging in and any work performed after their scheduled shift ends even though they are under Defendants' control and cannot effectively use the time to their own benefit. This time is compensable as a matter of law.

86.    Defendants' unlawful compensation scheme has denied Plaintiff and the California Class the minimum wages to which they are entitled under the law. As explained above, Plaintiff and members of the California Class routinely have been subject to the Defendants' control without pay and performed work for which they are not compensated even at the statutory minimum wage.

87.    As a direct and proximate result of Defendants' unlawful acts and/or omissions, Plaintiff and the California Class members have been deprived of minimum wages in an amount to be determined at trial, and are entitled to a recovery of such amount, plus liquidated damages, plus interest thereon, attorneys' fees, and costs of suit pursuant to Labor Code §§ 1194, 1194.2 and 1197.1.

88.    Wherefore, Plaintiff and the California Class request relief as hereinafter provided.

**FOURTH CAUSE OF ACTION**
**Failure to Pay Overtime Wages**
**(By Plaintiff and the California Class)**

89.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

90.    Defendants do not properly compensate Plaintiff and California Class members with appropriate overtime premiums, including time-and-a half premiums based on their regular rate of pay, as required by California law.

91.    California Labor Code § 510(a) provides as follows:

Eight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee. Any work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee.  In addition, any work in excess of eight hours on any seventh day of a workweek shall be compensated at the rate of no less than twice the regular rate of pay of an employee. Nothing in this section requires an employer to combine more than one rate of overtime compensation in order to calculate the amount to be paid to an employee for any hour of overtime work.

92.    California Labor Code § 1194(a) provides as follows:

Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation, including interest thereon, reasonable attorney's fees, and costs of suit.

93.    California Labor Code § 200 defines wages as "all amounts for labor performed by employees of every description, whether the amount is fixed or ascertained by the standard of time, task, piece, commission basis or other method of calculation."   All such wages are subject to California's overtime requirements, including those set forth above.

94.    Defendants' policies and practices of requiring Plaintiff and California Class members to perform work off-the-clock before and after their paid shifts are unlawful.  Even absent this off-the-clock work, many of Defendants' hourly, non-exempt employees who work as Adjusters, including Plaintiff and California Class members, have worked over eight hours in a day and/or over forty hours in a week. Accordingly, as a result of Defendants' unlawful policy alleged herein of requiring Plaintiff and California Class members to perform off-the-clock work before the

beginning of their paid shifts, while clocked out on meal breaks, and at other times Plaintiff and California Class members have worked overtime hours for Defendants without being paid overtime premiums in violation of the California Labor Code, applicable IWC Wage Orders, and other applicable law.

95.    Defendants have knowingly and willfully refused to perform its obligations to compensate Plaintiff and California Class members for all premium wages for overtime work.  Defendants are liable to Plaintiff and California Class members alleged herein for the unpaid overtime and civil penalties, with interest thereon.  Furthermore, Plaintiff and California Class members are entitled to an award of attorneys' fees and costs as set forth below.

96.    As a proximate result of the aforementioned violations, Plaintiff and California Class members have been damaged in an amount according to proof at time of trial.

97.    Wherefore, Plaintiff and the California Class request relief as hereinafter provided.

## FIFTH CAUSE OF ACTION
### Failure to Authorize, Permit, and/or Make Available Meal and Rest Periods
### (By Plaintiff and the California Class)

98.    Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

99.    Defendants failed to make available and prevented full, timely, uninterrupted, compliant meal and rest breaks for Plaintiff and California Class members and required them to continue working during these breaks.

100.    Defendants also failed to compensate Plaintiff and California Class members one hour of premium pay for missed breaks.

101.    California Labor Code §§ 226.7 and 512 and the applicable IWC Wage Orders require Defendants to authorize, permit, and/or make available timely and compliant meal and rest periods to its employees.  Labor Code §§ 226.7 and 512 and the IWC Wage Orders prohibit employers from employing an employee for more

than five hours without a meal period of not less than thirty minutes, and from employing an employee more than ten hours per day without providing the employee with a second meal period of not less than thirty minutes. Labor Code § 226.7 and the applicable Wage Orders also require employers to authorize and permit employees to take ten minutes of net rest time per four hours, or major fraction thereof of work, and to pay employees their full wages during those rest periods. Unless the employee is relieved of all duty during the thirty-minute meal period and ten-minute rest period, the employee is considered "on duty" and the meal or rest period is counted as time worked under the applicable Wage Orders.

102.   Under Labor Code § 226.7(b) and the applicable Wage Orders, an employer who fails to authorize, permit, and/or make available a required meal period must, as compensation, pay the employee one hour of pay at the employee's regular rate of compensation for each workday that the meal period was not authorized and permitted and/or not made available. Similarly, an employer must pay an employee denied a required rest period one hour of pay at the employee's regular rate of compensation for each workday that the rest period was not authorized and permitted and/or not made available.

103.   Despite these requirements, Defendants have knowingly and willfully refused to perform its obligations to authorize and permit and/or make available to Plaintiff and California Class members the ability to take the timely and compliant off-duty meal and rest periods to which they are entitled.

104.   Defendants have also failed to pay Plaintiff and California Class members one hour of pay for each timely, compliant, off-duty meal and/or rest period that they are denied.

105.   Defendants' conduct described herein violates California Labor Code §§ 226.7 and 512 and the applicable Wage Orders. Therefore, pursuant to Labor Code § 226.7(b), Plaintiff and California Class members are entitled to compensation for

1   the failure to authorize and permit and/or make available meal and rest periods, plus

2   interest, attorneys' fees, expenses, and costs of suit.

3       106.   As a proximate result of the aforementioned violations, Plaintiff and

4   California Class have been damaged in an amount according to proof at time of trial.

5       107.   Wherefore, Plaintiff and the California Class request relief as hereinafter

6   provided.

7                          **SIX CAUSE OF ACTION**
         **Waiting Time Penalties Pursuant to Labor Code §§ 201-203**
8                     **(By Plaintiff and the California Class)**

9       108.   Plaintiff re-alleges and incorporates the foregoing paragraphs as though

10  fully set forth herein.

11      109.   Some California Class members have left their employment with

12  Defendants during the statutory period, at which time Defendants owed them unpaid

13  wages.  These earned, but unpaid, wages derive from time spent working outside of

14  their scheduled and paid shifts, including opening the store and logging into computer

15  system, answering business calls completing paperwork and submissions in order to

16  obtain pay and reimbursements, working through meal periods, performing other

17  work-related activities, as well as unpaid overtime compensation.

18      110.   California Labor Code § 201 provides:

19          If an employer discharges an employee, the wages earned
            and unpaid at the time of discharge are due and payable
20          immediately.

21      111.   Labor Code § 202 provides:

22
            If an employee not having a written contract for a definite
23          period quits his or her employment, his or her wages shall
            become due and payable not later than 72 hours thereafter,
24          unless the employee has given 72 hours previous notice of
            his or her intention to quit, in which case the employee is
25          entitled to his or her wages at the time of quitting.

26

27      112.   Labor Code § 203 provides, in relevant part:

28

1
2
3
4

> If an employer willfully fails to pay, without abatement or reduction, in accordance with Sections 201, 201.5, 202, and 205.5, any wages of an employee who is discharged or who quits, the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days.

5    113.  Defendants willfully refused, and continue to refuse, to provide Plaintiff
6   and the putative Class with pay for off-the-clock work, including but not limited to
7   work performed while clocked out during meal periods, and with meal and rest period
8   premium pay.  As alleged above, Defendants knew and continue to know that Plaintiff
9   and California Class members perform off-the-clock work before and after their
10  scheduled or paid shifts.  Defendants are aware Plaintiff and California Class
11  members miss or have interrupted meal and rest breaks as a result of Defendants'
12  unlawful policies and practices, but Defendants nevertheless refuse to pay for work
13  performed during meal breaks or to authorize premium pay for missed or interrupted
14  meal and rest periods.

15   114.  Accordingly, Defendants willfully refused and continue to refuse to pay
16  members of the California Class that left their employment with Defendants all the
17  wages that were due and owing to them upon the end of their employment.  As a
18  result of Defendants' actions, California Class Members have suffered and continue
19  to suffer substantial losses, including lost earnings and interest.

20   115.  Defendants' willful failure to pay the former employees the wages due
21  and owing them constitutes a violation of Labor Code §§ 201-202.  As a result,
22  Defendants are liable to them for all penalties owing pursuant to Labor Code §§ 201-
23  203.

24   116.  Labor Code § 203 provides that an employee's wages will continue as a
25  penalty up to thirty days from the time the wages were due.  Therefore, Plaintiff and
26  California Class members are entitled to such penalties pursuant to Labor Code §
27  203, plus interest.

28  / / /

117.   As a proximate result of the aforementioned violations, Defendants are liable to Plaintiff and California Class members alleged herein for the amounts described, with interest thereon, in an amount according to proof at time of trial.

118.   Wherefore, Plaintiff and the California Class request relief as hereinafter provided.

### SEVENTH CAUSE OF ACTION
### Violations of Labor Code § 226 – Itemized Wage Statements
### (By Plaintiff and the California Class)

119.   Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

120.   Defendants do not provide Plaintiff and California Class members with accurate itemized wage statements as required by California law.

121.   California Labor Code § 226(a) provides:

> Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.  The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least four years at the

place of employment or at a central location within the State of California.

122. The IWC Wage Orders also establish this requirement. (See IWC Wage Orders 4-2001(7) and 7-2001(7)).

123. Labor Code § 226(e) provides:

> An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

124. Plaintiff and the California Class seeks to recover actual damages, costs, and attorneys' fees under this section.

125. Defendants fail to provide timely, accurate, itemized wage statements to Plaintiff and California Class members in accordance with Labor Code § 226(a) and the IWC Wage Orders. In particular, the wage statements the Defendants provide their employees, including to Plaintiff and California Class members, do not accurately reflect the actual hours worked, actual gross wages earned, or actual net wages earned. This is because, in part, Defendants do not count as "hours worked" the off-the-clock time its hourly, non-exempt employees who work as Adjusters spend performing certain work activities outside of their scheduled paid shifts answering business calls on their mobile phone, logging into the computer system, and other work-related activities.

126. Defendants' failure to comply with Labor Code § 226(a) was and continues to be knowing and intentional. Although, as alleged herein, Defendants were aware that Plaintiff and California Class members performed off-the-clock work outside of their scheduled and paid shifts, Defendants systematically fail to include this time worked in their wage statements.

127.   Plaintiff and California Class members have suffered injury as a result of Defendants' knowing and intentional failure to provide timely, accurate itemized wage statements to them in accordance with Labor Code § 226(a).   As a result of Defendants' violations, Plaintiff and the putative Class are required to undertake the difficult and costly task of attempting to reconstruct Defendants' incomplete and inaccurate time and pay records to ensure that they are paid for all hours worked as required by California law.

128.   As a proximate result of the aforementioned violations, Defendants are liable to Plaintiff and putative Class Members alleged herein for the amounts described, with interest thereon, in an amount according to proof at time of trial. Furthermore, Plaintiff is entitled to an award of attorneys' fees and costs as set forth below, pursuant to Labor Code § 226(e).

129.   Wherefore, Plaintiff and the California Class request relief as hereinafter provided.

### EIGHTH CAUSE OF ACTION
**Violation of California Business and Professions Code §§ 17200, *et seq.***
**(By Plaintiff and the California Class)**

130.   Plaintiff re-alleges and incorporates the foregoing paragraphs as though fully set forth herein.

131.   The UCL, California Business and Professions Code §§ 17200, *et seq.*, prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business acts or practices.

132.   Business and Professions Code § 17204 allows a person injured by the unfair business acts or practices to prosecute a civil action for violation of the UCL.

133.   Labor Code § 90.5(a) states it is the public policy of California to vigorously enforce minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive

1    advantage at the expense of their workers by failing to comply with minimum labor

2    standards.

3        134.   Beginning at an exact date unknown to Plaintiff and California Class

4    members, but at least since the date four years prior to the filing of this suit,

5    Defendants have committed acts of unfair competition as defined by the UCL by

6    engaging in the unlawful, unfair, and fraudulent business acts and practices described

7    in this Complaint, including, but not limited to:

8            a.  violations of Labor Code §§ 200, 204, 1194, and 1198 and applicable

9                 IWC Wage Orders pertaining to the payment of wages for all hours

10                worked;

11           b.  violations of Labor Code § 510 and applicable IWC Wage Orders

12                pertaining to overtime;

13           c.  violations of Labor Code §§ 226.7 and 512 and applicable IWC Wage

14                Orders pertaining to meal and rest breaks;

15           d.  violations of Labor Code §§ 201-203 pertaining to waiting time; and

16           e.  violations of Labor Code § 226 regarding accurate, timely itemized

17                wage statements.

18       135.   The violations of these laws and regulations, as well as of the

19   fundamental California public policies protecting wages and discouraging overtime

20   labor underlying them, serve as unlawful predicate acts and practices for purposes of

21   Business and Professions Code §§ 17200, et seq.

22       136.   The acts and practices described above constitute unfair, unlawful, and

23   fraudulent business practices, and unfair competition, UCL. Among other things, the

24   acts and practices have taken from Plaintiff and California Class members wages

25   rightfully earned by them, while enabling the Defendants to gain an unfair

26   competitive advantage over law-abiding employers and competitors.

27   / / /

28   / / /

137.   Business and Professions Code § 17203 provides that the Court may make such orders or judgments as may be necessary to prevent the use or employment by any person of any practice which constitutes unfair competition.  Injunctive relief is necessary and appropriate to prevent Defendants from repeating the unlawful, unfair and fraudulent business acts and practices alleged above.

138.   As a direct and proximate result of the aforementioned acts and practices, Plaintiff and California Class members have suffered a loss of money and property, in the form of unpaid wages which are due and payable to them.

139.   Business and Professions Code § 17203 provides that the Court may restore to any person in interest any money or property which may have been acquired by means of such unfair competition.  Plaintiff and California Class members are entitled to restitution pursuant to Business and Professions Code § 17203 for all wages and payments unlawfully withheld from employees during the four-year period prior to the filing of this Complaint.

140.   Plaintiff's success in this action will enforce important rights affecting the public interest and, in that regard, Plaintiff sues on behalf of herself and others similarly situated.  Plaintiff and California Class members seek and are entitled to unpaid wages, declaratory relief, and all other equitable remedies owing to them.

141.   Plaintiff herein take it upon herself to enforce these laws and lawful claims. There is a financial burden involved in pursuing this action, the action is seeking to vindicate a public right, and it would be against the interests of justice to penalize Plaintiff by forcing him to pay attorneys' fees from the recovery in this action.  Attorneys' fees are appropriate pursuant to Code of Civil Procedure § 1021.5 and otherwise.

142.   Wherefore, Plaintiff and the California Class request relief as hereinafter provided.

/ / /

/ / /

COLLECTIVE AND CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL
*Cleveland v. Allstate Insurance Company*

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for relief as follows:

143.   Damages and restitution according to proof at trial for all unpaid wages and other injuries, as provided by the FLSA, California Labor Code, and other laws of the State of California.

144.   For a declaratory judgment that Defendants have violated the FLSA, California Labor Code, the laws of the State of California, and public policy as alleged herein;

145.   For a declaratory judgment that Defendants have violated California Business and Professions Code §§ 17200, *et seq.*, as a result of the aforementioned violations of the California Labor Code and of California public policy protecting wages;

146.   For preliminary, permanent, and mandatory injunctive relief prohibiting Defendants, its officers, agents, and all those acting in concert with them from committing in the future those violations of law herein alleged;

147.   For an equitable accounting to identify, locate, and restore to all current and former employees the wages they are due, with interest thereon;

148.   For an order awarding Plaintiff and the Collective and Class Members liquidated and compensatory damages, including lost wages, earnings, and other employee benefits, restitution, and all other sums of money owed to Plaintiff and Members of the Collective and the Class, together with interest on these amounts, according to proof;

149.   For an order awarding Plaintiff and the Class Members civil penalties pursuant to the California Labor Code provisions cited herein, with interest thereon;

150.   For an award of reasonable attorneys' fees as provided by the FLSA, California Labor Code, California Code of Civil Procedure § 1021.5, and the laws of the State of California.

151.   For all costs of suit;

1    152.    For interest on any damages and/or penalties awarded, as provided by

2    applicable law; and

3    153.    For such other and further relief as this Court deems just and proper.

4

5    Date: September 27, 2023              Respectfully submitted,

6
                                          */s/ Carolyn H. Cottrell*
7                                         Carolyn H. Cottrell (SBN 166977)
                                          David C. Leimbach (SBN 265409)
8                                         Scott L. Gordon (SBN 319872)
9                                         SCHNEIDER WALLACE
                                          COTTRELL KONECKY LLP
10                                        2000 Powell Street, Suite 1400
                                          Emeryville, California 94608
11                                        Tel: (415) 421-7100; Fax (415) 421-7105
12                                        ccottrell@schneiderwallace.com
                                          dleimbach@schneiderwallace.com
13                                        sgordon@schneiderwallace.com
14
15                                        ***Attorneys for Plaintiff and the***
                                          ***Putative Collective and Class***
16
17
18
19
20
21
22
23
24
25
26
27
28

1    <u>**DEMAND FOR JURY TRIAL**</u>

2            Plaintiff hereby demands a jury trial on all claims and issues for which Plaintiff

3    and the putative Collective and Class are entitled to a jury.

4

5

6                                    Respectfully submitted,

7

8    Date:  September 27, 2023        */s/ Carolyn H. Cottrell*

9                                    Carolyn H. Cottrell

10                                   SCHNEIDER WALLACE
                                     COTTRELL KONECKY LLP

11                                   ***Attorneys for Plaintiff and the
                                     Putative Collective and Class***

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28